IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division


JAMES W. REEVES,                                        CV 09-59-JE

                        Plaintiff,              OPINION AND ORDER

                v.

MICHAEL J. ASTRUE.
Commissioner of
Social Security


                        Defendant.

KAREN STOLZBERG
11830 S.W. Kerr Pkwy, # 315
Lake Oswego, OR 97035
(503) 251-0707

            Attorneys for Plaintiffs

DWIGHT C. HOLTON
United States Attorney
District of Oregon
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1003

            Attorneys for Defendant

1 - OPINION AND ORDER

STEPHANIE R. MARTZ
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 5th Ave., Suite, Suite 2900 M/S 901
Seattle, WA 98104-7075
(206) 615-2272


MARSH, Judge:

On April 20, 2010, Magistrate Judge Jelderks issued a
Findings and Recommendation (F&R)(doc. 26) that the Commissioner
of Social Security's Final Decision denying plaintiffs'
Application for Supplemental Security Income (SSI) benefits
should be reversed and remanded to the Commissioner for the
immediate payments of SSI benefits.  The Commissioner has filed
timely objections (doc. 28) to all but one of Judge Jelderks'
findings and to his ultimate recommendation that plaintiff is
entitled to an immediate award of SSI benefits.

When a party objects to any portion of the magistrate
judge's Findings and Recommendation on a dispositive issue,
the district court must make a de novo determination of that
portion of the magistrate judge's report.  28 U.S.C. § 636(b)(1).
The district court may accept, reject, or modify the recommended
disposition, receive further evidence, or return the matter to
the magistrate judge with instructions.  Fed. R. Civ. P. 72(b).
United States v. Bernhardt, 840 F.2d 1441, 1444 (9th Cir. 1988).

If no objection is made to other portions of the F&R, the district court must review de novo only the legal principles applied by the magistrate judge.  <u>Britt v. Simi Valley Unified School Dist.</u>, 708 F.2d 452, 454 (9th Cir. 1983).

For the following reasons, I **ADOPT** the magistrate judge's Findings and Recommendation in its entirety.

<u>**PROCEDURAL HISTORY**</u>

Plaintiff alleges he is disabled because of constant headaches, leg, knee, and shoulder pain resulting from a physical assault in 2003, which cause him to suffer poor eye-hand coordination, lack of feeling in his right hand, and dizziness.

The ALJ found plaintiff suffers from severe impairments arising from post-concussive syndrome, depression, and substance abuse, which prevent him from engaging in his past relevant work as a general contractor and carpenter.  The ALJ, however, also found plaintiff is not disabled because he has the residual functional capacity to perform work involving simple, routine 1-2-3 tasks at a light-medium exertion level, such as laundry worker and cleaner packager.

Plaintiff appealed the ALJ's decision to the Appeals Council, and also filed a second application for SSI benefits, based on which he was found disabled as of February 5, 2008.

3 - OPINION AND ORDER

Thereafter, in November 2008, the Appeals Council denied plaintiff's request for review of the denial of his original SSI application.   The Appeals Council, however, noted that plaintiff had been found disabled in the interim, but concluded the subsequent finding did not justify a change in the ALJ's original adverse decision.   Accordingly, that adverse decision on plaintiff's first application for SSI became the final decision of the Commissioner for purposes of review in this Court.

## DISCUSSION

In his F&R, Magistrate Judge Jelderks summarized in detail plaintiff's testimony, his relevant medical treatment and evaluations, the lay witness evidence, the VE's testimony, and the ALJ's reasoning behind his non-disability finding.

I have reviewed the relevant portions of the administrative record and agree with Magistrate Jelderks' Findings in their entirety, including: (1) plaintiff was not a wholly credible witness, but objective medical findings from treating physicians support a disability finding; (2) the ALJ did not give clear and convincing reasons for rejecting the opinions of medical treatment providers and medical examiners that support plaintiff's disability claim; (3) the ALJ did not give germane reasons for rejecting relevant evidence from lay witnesses regarding their observations of plaintiff's daily activities; and

4 - OPINION AND ORDER

(4) the ALJ did not provide a hypothetical to the VE that incorporated all of plaintiff's mental and physical limitations that are supported by objective medical evidence.

### CONCLUSION

Based on this record, the Commissioner's final decision denying SSI benefits to plaintiff is **REVERSED** and this matter is **REMANDED** to the Commissioner for the immediate payment of benefits.

IT IS SO ORDERED.

DATED this 3  day of June, 2010.


 /s/  Malcolm F. Marsh
MALCOLM F. MARSH
United States District Judge

5 - OPINION AND ORDER